■ JEAN LIBERI, Appellant, v. SPARTACO LIBERI, Respondent.— In an action for a judicial separation, plaintiff wife appeals from so much of an order of the Supreme Court, Kings County, entered July 2, 1965, as: (1) directed the defendant husband to pay $25 weekly for the temporary support of the infant child of the marriage; and (2) referred her motion for alimony *pendente lite* and counsel fees to the trial court. Order modified (1) by striking out of its first decretal paragraph the reference to counsel fee and (2) by adding a new decretal paragraph (a) directing defendant to pay a $350 counsel fee to the wife, payable one half ($175) forthwith and one half at the time of trial; and (b) referring to the trial court for determination, upon the basis of the proof adduced at the trial, the question of additional counsel fee, if any. The husband's time to pay said $175 is extended until 20 days after entry of the order hereon. As so modified, order, insofar as appealed from, affirmed, without costs. The best interests of the parties would be served by a prompt trial of this action. Beldock, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.

■ GEROGE K. MAHFOUZ, Appellant, v. JOSEPH MAHFOUZ, Respondent.— In an action for an accounting, and for other relief, the plaintiff appeals from three orders of the Supreme Court, Kings County: (1) an order entered May 12, 1965, which denied plaintiff's motion to dismiss the defense of the Statute of Limitations; (2) an order, entered June 3, 1965 upon reargument, which adhered to the original determination; and (3) an order entered May 12, 1965, which granted defendant's cross motion to discover and inspect certain hospital and medical records. Orders affirmed, without costs. The discovery and inspection shall proceed as provided in the order upon 10 days' written notice or at such other time and place and in such manner as the parties may agree upon by written stipulation. Defendant has interposed the Statute of Limitations as a defense to the allegations contained in the amended complaint. Plaintiff has been afforded sufficient notice of the precise nature of this defense. In view of the questions raised concerning the accrual date of the alleged cause of actions and the possible tolling of the Statute of Limitations, the better practice is to allow the defense to stand until trial. At that time a determination may be made upon a full exposition of the facts. Christ, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.

■ JOHN MAJORKA, as Guardian ad Litem of JEFFREY MAJORKA, an Infant, et al., Appellants, v. ST. CATHERINE'S HOSPITAL, Respondent, et al., Defendant.— In an action by an infant and his father to recover damages for personal injuries, loss of services, etc., the plaintiffs appeal from a judgment of Supreme Court, Kings County, entered January 23, 1963, upon a directed verdict in favor of the defendant, St. Catherine's Hospital, after the granting of its motion to set aside a verdict in the plaintiffs' favor. As against the defendant, Nudelman, the action had been discontinued at the opening of the trial. Judgment reversed on the law and the facts and a new trial granted, with costs to abide the event. In our opinion, the evidence offered by plaintiffs in this medical malpractice case was sufficient to require submission of the issues to the jury. Though we find that plaintiffs established a prima facie case, it is also our opinion that the verdicts were against the weight of the evidence. We think that the interests of justice require a new trial so that plaintiffs may offer proof with respect to the issues of negligence by the defendant involving not only the manner of the cutdown operations performed on the infant plaintiff, but also the proper treatment of the infant before and after the discovery of osteomyelitis, the prevention of its spread, and the disclosure of the condition to the infant's parents. Christ, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.